Kilty, C. J.,
delivered the opinion of the Court.
That there was no lien as to the repairs and provisions, Baltimore and Alexandria not being foreign ports to each other. That to make the ship liable to seamen for work done in port, it is not necessary that they should be hired for a specific voyage ; that mariners may be hired by the owners themselves, and in such case they are not to be considered as relying solely upon the personal credit of the owners, and as losing their lien on the ship; that if a mariner is hired for an uncertain voyage, and not a' specific one, ■ the owners or the master may. discharge such mariner; that if a seaman is hired for a voyage, and to do duty while in port in preparing for the voyage, and the voyage is not prosecuted, the ship is liable to such mariner for his service while in port; that the claim of the mate in this case was a lien upon the ship if he remained on board under the first agreement; but if the prosecution of the voyage was abandonéd, and after the revocation of the first orders, he remained on board to take care of the ship in-port, a voyage not being contemplated .at the time of such revocation, his claim for wages which accrued subsequently was not a lien on the ship.
The jury could not agree, and a juror was withdrawn by consent, and the cause continued. (Post, December term, 1804, Levering v. Bank of Columbia.)